# NO. 12-20-00112-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GARY WAYNE PRITCHETT, JR.,* *APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Gary Wayne Pritchett, Jr. appeals his conviction for manufacture or delivery of a controlled substance. In one issue, Appellant challenges the trial court's admission of the methamphetamine found in his pocket. We affirm.

## BACKGROUND

Appellant was charged by indictment with manufacture or delivery of a controlled substance, enhanced by two prior felony convictions. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that Henderson County Sheriff's Deputies Jonathan Daille, Jimmy Spurger, and Luke Rachel went to a Mabank residence to execute an arrest warrant for Sherdell Shelton. Rachel went to the back door, and Daille and Spurger knocked at the front door. A woman answered and told the deputies that Shelton was in the back bedroom. She yelled that the police were there and left the scene. Daille and Spurger walked down the hall and stopped Shelton as he was hurriedly exiting the bedroom. They arrested Shelton in the hall just outside the bedroom door. Daille heard voices coming from the bedroom.

After arresting Shelton, Deputy Daille stepped inside the bedroom "to be sure there was no one with weapons that was going to come out as we were, you know, leaving the residence."

In the bedroom, Daille saw what appeared to be methamphetamine in plain view on a dresser. Two other people, Appellant and Julie Shaid, were in the bedroom. No one claimed ownership of the methamphetamine, and the deputies arrested both Appellant and Shaid for its possession. During a search of Appellant's person incident to his arrest, Deputy Spurger found what was later determined to be 13.15 grams of methamphetamine in his pants pocket. A subsequent search of the residence pursuant to a search warrant revealed "multiple baggies for narcotics and scales."

Ultimately, the jury found Appellant "guilty" as charged. Appellant pleaded "true" to the enhancement paragraphs, and the trial court assessed his punishment at imprisonment for twenty-eight years. This appeal followed.

<u>ADMISSIBILITY OF EVIDENCE</u>

In Appellant's sole issue, he argues that the trial court erred by admitting the methamphetamine found in his pocket over his Fourth Amendment objection because the deputies' protective sweep of the bedroom was illegal.

**<u>Standard of Review and Applicable Law</u>**

We review a trial court's decision on the admissibility of evidence under an abuse of discretion standard. ***Johnson v. State***, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. ***Id.*** If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling. ***Id.***

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. CONST. amend. IV. A search conducted without a warrant issued upon probable cause is per se unreasonable, subject only to a few specifically established and well-delineated exceptions. ***Schneckloth v. Bustamonte***, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043, 36 L. Ed. 2d 854 (1973).

A "protective sweep" is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others. ***Maryland v. Buie***, 494 U.S. 325, 327 110 S. Ct. 1093, 1094, 108 L. Ed. 2d 276 (1990); ***Reasor v. State***, 12 S.W.3d 813, 815 (Tex. Crim. App. 2000). As an incident to an in-home arrest, police officers may, as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces

immediately adjoining the place of arrest from which an attack could be immediately launched. ***Buie***, 494 U.S. at 334, 110 S. Ct. at 1098. Beyond that, there must be articulable facts that, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene. ***Id.***

## Analysis

At trial, Appellant objected to the admission into evidence of the methamphetamine found in his pocket on the grounds that the search and seizure of his person and the seizure of the methamphetamine were executed without a warrant or warrant exception. The trial court overruled the objection and admitted the methamphetamine into evidence but included the following instructions in the jury charge:

> "Protective sweep" is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others, and can be conducted only if the officer possesses an objectively reasonable belief, based on specific and or articulable facts, that a person in that area poses a danger to that police officer or to other people in the area.
>
> . . . .
>
> Now, if you find from the evidence beyond a reasonable doubt that the peace officers in this case conducted a quick and limited search of the premises, from an objectively reasonable belief possessed by the officers, based on specific and or articulable facts, that a person in that area posed a danger to those police officers or to other people in the area, then you shall find that procedure to be a lawful exercise of law enforcement authority. If you do not so find and believe beyond a reasonable doubt, or if you have a reasonable doubt thereof, then such protective sweep would be illegal and in such event the jury will disregard the evidence relative to the protective sweep and you will not consider such evidence for any purpose whatsoever and you will return a verdict of not guilty.

In Appellant's closing argument, he argued that the deputies entered the bedroom illegally because they did not have an objectively reasonable belief based on specific, articulable facts that a person in the bedroom posed a danger to the police officers or others. He makes the same argument on appeal.

However, Appellant fails to recognize that under ***Buie***, the police may, "as a precautionary matter and *without probable cause or reasonable suspicion*, look in closets or other spaces *immediately adjoining the place of arrest from which an attack could be launched.*" 494 U.S. at 334, 110 S. Ct. at 1098 (emphasis added). The evidence in this case shows that Shelton was arrested in the hall just outside the bedroom. Deputy Daille entered the bedroom to

ensure that no one with weapons was present who might appear as they were leaving the residence. Under these circumstances, Daille's cursory sweep of the bedroom immediately adjacent to the site of the arrest was permissible even without probable cause or reasonable suspicion. *See id.*; *see also* **United States v. Charles**, 469 F.3d 402, 404 (5th Cir. 2006) (officer's cursory sweep of storage unit immediately adjacent to site of arrest was permissible without probable cause or reasonable suspicion). Because Daille's entrance into the bedroom was lawful, the trial court did not err by overruling Appellant's objection to the admission of the methamphetamine. *See* **Johnson**, 490 S.W.3d at 908. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered April 14, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 14, 2021**

**NO. 12-20-00112-CR**

**GARY WAYNE PRITCHETT, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. CR19-0501-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*